**UNITED STATES DISTRICT COURT FOR THE**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| WILLIAM BROWN JR.,<br><br>                     Plaintiff,<br><br>         v.<br><br>MCCARTER & ENGLISH LLP, THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY, KEVIN J. O'TOOLE (in his personal and professional capacities), PATRICK DONOVAN (in his personal and professional capacities), JOHN DOES 1-10 (Fictitious Individuals or Entities Who Have Liability to Plaintiff For Any of the Causes of Action Contained Herein)<br><br>                  Defendants. | Docket No. _____<br><br>CIVIL ACTION<br><br>**NOTICE OF REMOVAL** |

      **PLEASE TAKE NOTICE** that defendants The Port Authority of New York and New Jersey, Kevin J. O'Toole and Patrick Donovan (the "Port Authority defendants"), by and through their undersigned attorneys, hereby remove this action from the Superior Court of New Jersey, Law Division, Essex County, to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. §§ 1331, 1441 and 1446.

      **PLEASE TAKE FURTHER NOTICE**, the Port Authority defendants have not yet filed an Answer to the amended complaint in this matter and reserve their right under Fed. R. Civ. P. 81(c)(2) to file an answer to the amended complaint or otherwise move in the United States District Court for the District of New Jersey, and further states:

## A.    Procedural Background

1.      The above-entitled action was commenced by filing a complaint in the Superior Court of New Jersey, Law Division, Essex County, docket number ESX-L-8932-24 ("State Court Action"), a copy of which is submitted herewith as **Exhibit 1**.

2.      The Port Authority Defendants were not parties to the State Court Action.

3.      On February 16, 2026, plaintiff filed an amended complaint in the State Court Action, which was re-filed on February 26, 2026, a copy of which is submitted herewith as **Exhibit 2**.

4.      The claims asserted against the Port Authority defendants include those arising under federal law (*i.e.*, violations of 42 U.S.C. § 1983-First Amendment Retaliation and Conspiracy to Violate Civil Rights).  Accordingly, the amended complaint may be removed to the district court.

5.      The Port Authority defendants were served on March 2, 2026.  Copies of the affidavits of service are submitted herewith as **Exhibit 3**.

6.      This notice is timely pursuant to 28 U.S.C. § 1446(b)(2)(B), which permits each defendant to file notice of removal 30 days after receipt by or service on that defendant of the initial pleading or summons.

7.      Venue is proper in this district because it is the district court for the district and division embracing the place where such action is pending.  *See* 28 U.S.C. §1441(a).

## B.    Federal Court's Subject Matter Jurisdiction

8.      The amended complaint alleges 18 counts.

9. Count XII alleges that the Port Authority defendants engaged in First Amendment Retaliation in violation of 42 U.S.C. § 1983.

10. Count XIII alleges that the Port Authority defendants conspired with McCarter to deprive plaintiff of his civil rights in violation of 42 U.S.C. §1983.

11. The United States District Court for the District of New Jersey has jurisdiction over Counts XII and XIII pursuant to 28 U.S.C. § 1331 in that the action arises under the Laws of the United States, as plaintiff bases his claims for relief against the Port Authority defendants on and under the United States Constitution and federal statutes. *See* Ex. 2, ¶¶452-468.

12. Counts XIV through XVII allege that the Port Authority defendants violated New Jersey's Civil Rights Act and common-law while violating plaintiff's federal rights. *See* Ex. 2, ¶¶ 469-492.

13. Count XVIII alleges civil conspiracy against all defendants. *See* Ex. 2, ¶¶ 493-500.

14. To the extent the amended complaint alleges state common law or other non-federal claims, or federal claims stated solely against parties other than the Port Authority defendants, this Court has supplemental jurisdiction over any such claims under 28 U.S.C. § 1367(a) because those claims arise out of the same operative facts as plaintiff's federal claims and form part of the same case or controversy.

15. Counsel for McCarter & English have confirmed that they consent to this notice of removal and will be filing their own notice of removal.

**C.    Conclusion**

16. In accordance with 28 U.S.C. § 1446(d), the Port Authority defendants shall give written notice of this notice of removal to all adverse parties and shall file a copy of this notice with the Superior Court.

**WHEREFORE**, the Port Authority defendants respectfully request that this action, previously pending in the Superior Court of New Jersey, Law Division, Essex County, proceed in this Court as an action properly removed to it and that this Court enter such other and further orders as may be necessary to accomplish the requested removal.

Dated:    March 18, 2026
New York, New York

PORT AUTHORITY LAW DEPARTMENT
*Attorneys for Defendants*
The Port Authority of New York and New Jersey,
Kevin J. O'Toole and Patrick Donovan

By:  /s/*Megan Lee*
Megan Lee, Esq.
Cheryl Alterman, Esq.
4 World Trade Center
150 Greenwich Street, 24th Floor
New York, New York 10007
Telephone No.: (212) 435-3435

To:    WILLIAM BROWN JR., ESQ.
*Plaintiff Pro Se*
134 Main Street
South Bound Brook, New Jersey 08880

O'TOOLE SCRIVO, LLC
14 Village Park Road
Cedar Grove, New Jersey 07009
Tel: (973) 239-5700
*Attorneys for Defendant*
McCarter & English, LLP

4