**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| WILLIAM BROWN JR., <br><br> Plaintiff, <br><br> v. <br><br> MCCARTER & ENGLISH LLP, THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY, KEVIN J. O'TOOLE (in his personal and professional capacities), PATRICK DONOVAN (in his personal and professional capacities), JOHN DOES 1-10 (Fictitious Individuals or Entities Who Have Liability to Plaintiff For Any of the Causes of Action Contained Herein) <br><br> Defendants. | Docket No. 2:26-cv-02808 <br><br> <u>CIVIL ACTION</u> <br><br> Motion Date: May 4, 2026 |

**THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY AND PATRICK
DONOVAN'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO
DISMISS THE AMENDED COMPLAINT**

Megan Lee, Esq.
Cheryl N. Alterman, Esq.
Port Authority Law Department
4 World Trade Center
150 Greenwich Street, 24th Floor
New York, New York 10007
Telephone No.: (212) 435-3435

# TABLE OF CONTENTS

PRELEMINARY STATEMENT ................................................................................................1

STATEMENT OF FACTS ......................................................................................................1

STANDARD OF REVIEW ......................................................................................................2

LEGAL ARGUMENT .............................................................................................................5

    POINT I:    Plaintiff Has Failed to State a First Amendment Retaliation Claim Under 42 U.S.C. Section 1983 (Count XII of The First Amended Complaint) ..............5

    POINT II:    Plaintiff Fails to State a Claim For Relief Under 42 U.S.C. Section 1983 —Conspiracy to Violate Civil Rights (Count XIII)..............................................8

        A.    Plaintiff Does Not Sufficiently Allege a Conspiratorial Agreement ...................8

        B.    Plaintiff's Civil Conspiracy Claim (Count XVIII) Likewise Fails as a Matter of Law ........................................................................................................9

    POINT III:    Plaintiff Fails to State a Claim Under New Jersey Civil Rights Act— *N.J.S.A.* 10:6-1 to 2 .......................................................................................10

        A.    Official Capacity .................................................................................................10

        B.    Individual Capacity ............................................................................................11

    POINT IV:    Plaintiff Has Failed to State a Claim for Tortious Interference With Contract Against the Port Authority and Donovan...........................................12

    POINT V:    Plaintiff Has Failed to State a Claim for Tortious Interference With Prospective Economic Advantage .....................................................................14

    POINT VI:    Plaintiff Failed to State a Claim for Intentional Infliction of Emotional Distress...............................................................................................................16

CONCLUSION....................................................................................................................18

## TABLE OF AUTHORITIES

**Cases**                                                                          **Page Nos.**

*Allegheny Gen. Hosp. v. Philip Morris, Inc.,*
    228 F.3d 429 (3d Cir. 2000)............................................................................9

*American Capital Acquisition Partners, LLC v. Fortigent, LLC,*
    No. 13-5571 (AET), 2014 WL 1210580 (D.N.J., Mar. 24, 2014) ...........................14

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009)...................................................................3, 4, 6, 15, 17

*Bayer Healthcare LLC v. Second Stone Enterprises LLC,*
    No. 24-7618 (MAS). 2025 WL 1531237 (D.N.J., May 29, 2025) ..........................15

*Bell Atlantic Co. v. Twombly,*
    550 U.S. 544 (2007)...................................................................................3

*Buckley v. Trenton Saving Fund Soc'y,*
    544 A.2d 857 (N.J. 1988)......................................................................16, 17

*Chicarelli v. Plymouth Garden Apartments,*
    551 F. Supp. 532 (E.D. Pa. 1982) .................................................................8

*Curley v. Klem,*
    499 F.3d 199 (3d Cir. 2007).......................................................................12

*Cuvo v. DeBiasi,*
    169 Fed. Appx. 688 (3d Cir. 2006)...............................................................10

*Davis v. Wells Fargo,*
    824 F.3d 333 (3d Cir. 2016)........................................................................5

*DiGiorgio Corp. v. Mendez & Co., Inc.,*
    230 F. Supp. 2d 552 (D.N.J. 2002) .............................................................12

*DiMaria Const., Inc. v. Interarch,*
    351 N.J.Super. 558, 799 A.2d 555 (App.Div.2001) ..........................................14

*Dist. 1199P Health & Welfare Plan v. Janssen, L.P.,*
    784 F. Supp. 2d 508 (D.N.J. 2011) ...............................................................9

*Eaton v. Tosti,*
    2010 WL 2483318 (D.N.J. June 4, 2010) ...................................................10, 11

*Elmore v. Cleary,*
    399 F.3d 279 (3d Cir. 2005)........................................................................5

*Falco v. Zimmer,*
    767 Fed.Appx. 288 (2019) ..................................................................................5

*Fid. Eatontown, LLC v. Excellency Enter., LLC,*
    No. 16-3899, 2017 WL 2691417 (D.N.J. June 22, 2017)........................................14

*Florian Greenhouse, Inc. v. Cardinal IG Corp.,*
    11 F. Supp. 2d 521 (D.N.J. 1998) .........................................................................15

*Fowler v. UPMC Shadyside,*
    578 F.3d 203 (3d Cir. 2009).................................................................................3

*Griffin v. Tops Appliance City, Inc.,*
    766 A.2d 292 (N.J. Super. Ct. App. Div. 2001)......................................................16

*Hamarneh v. United Airlines,*
    Civil Action No. 24-5962 (JXN), 2026 WL 183763 (D.N.J. Jan. 23, 2026)............................4

*Hammond v. City of Wilkes Barre,*
    628 F. App'x 806 (3d Cir. 2015) ..........................................................................7

*Harlow v. Fitzgerald,*
    457 U.S. 800 (1982)..........................................................................................11

*Hauptmann v. Wilentz,*
    570 F. Supp. 351 (D.N.J. 1983) ...........................................................................8

*Hunter v. Ezzt,*
    502 U.S. 224 (1991)..........................................................................................12

*Interstate Realty Co., L.L.C. v. Sears Roebuck & Co.,*
    372 Fed.Appx. 277 (C.A.3 (N.J.), 2010) ..............................................................14

*Ippolito v. Aherne,*
    2015 WL 6447153 (E.D. Pa. 2015) ......................................................................11

*Jackson v. Gordon,*
    145 F. App'x 774 (3d Cir. 2005) ..........................................................................9

*Janowski v. City of North Wildwood,*
    259 F.Supp. 3d 112 (D.N.J. 2017) ........................................................................11

*Kentucky v. Graham,*
    413 U.S. 159 (1985.)..........................................................................................10

*Kost v. Kozakiewicz,*
    1 F.3d 176 (3d Cir. 1993)....................................................................................8

*Lamorte Burns & Co., Inc. v. Walters,*
167 N.J. 285, 770 A.2d 1158 (2001)...............................................................15

*Lee v. ElectrifAi, LLC,*
17No. CV 23-2239 (JXN) (JRA), 2024 WL 4182541 (D.N.J. Sept. 13, 2024)....................17

*Lopez v. Maczko,*
2007 WL 2461709 (E.D.Pa. Aug. 16, 2007) .........................................................11

*Major League Baseball Promotion Corp. v. Colour-Tex, Inc.,*
729 F.Supp. 1035 (D.N.J. 1990) ...................................................................12

*Malleus v. George,*
641 F.3d 560 (3d Cir. 2011)........................................................................4

*Mesadieu v. City of Elizabeth,*
2019 WL 4926884 (D.N.J. 2019) ...................................................................8

*Micro Image Technologies, Inc. v. Olympus Corporation of the Americas,*
Civ. No. 20-18781 (ZNQ)(TJB),  2022 WL 17132156 (D.N.J., 2022) ...................................13

*Mirabella v. Villard,*
853 F.3d 641 (3d Cir. 2017)........................................................................5

*Mu Sigma Inc., v. Affine, Inc.,*
No. 12-1323 (FLM), 2013 WL 3772724  (July 17, 2013)................................................15

*Murphy v. Middlesex Cty.,*
361 F. Supp. 3d 376 (D.N.J. 2019) .................................................................8

*Phillips v. County of Allegheny,*
515 F.3d 224 (3d Cir. 2008)........................................................................3

*Port Auth. Police Benevolent Ass'n, Inc. v. Port Auth. of New York and New
Jersey,*
2017 WL 4403310 (S.D.N.Y. 2017)...................................................................11

*Printing Mart-Morristown v. Sharp Elec. Corp.,*
116 N.J. 739, 563 A.2d 31 (1989)..................................................................12

*Rode v. Dellarciprete,*
845 F.2d 1195 (3d Cir.1988)........................................................................6

*Sebastian v. Vorhees Twp.,*
No. 08-6097, 2011 WL 540301 (D.N.J. Feb. 8, 2011) ................................................16

*Saget v. Wells Fargo Bank, N.A.,*
Civ. No. 2:13-03544 (WJM), 2013 WL 6254020 (D.N.J. Dec. 4, 2013) ................................16

iv

*Stokes v. City of Philadelphia,*
    2023 WL 362006 (E.D. Pa. 2023) ...................................................................11

*Strategic Env't Partners, LLC v. Bucco,*
    184 F. Supp. 3d 108 (D.N.J. 2016) .................................................................6

*Varrallo v. Hammond Inc.,*
    94 F.3d 842 (3d Cir. 1996).............................................................................14

*Witherspoon v. Rent-A-Center, Inc.,*
    173 F. Supp. 2d 239 (D.N.J. 2001) ...............................................................16

*Wood v. Williams,*
    568 F. App'x 100 (3d Cir. 2014) ....................................................................8

*Young v. Kann,*
    926 F.2d 1396 (3d Cir.1991)...........................................................................9

*Young v. New Sewickley Twp.,*
    160 Fed. Appx. 263 (3d Cir. 2005).................................................................11

**Statutes**

42 U.S.C. Section 1983.............................................................................. passim

*N.J.S.A.* 10:6...............................................................................................10

**Rules**

Federal Rule of Civil Procedure 12(b)(6) ................................................2, 3, 11

**Other Authorities**

Restatement (Second) Torts, § 766A .......................................................12, 13

## PRELIMINARY STATEMENT

The Port Authority of New York and New Jersey and Patrick Donovan submit this memorandum of law in support of their motion to dismiss the claims asserted against them in the First Amended Complaint ("Amended Complaint"). The Amended Complaint should be dismissed because plaintiff fails to state a claim for First Amendment retaliation and conspiracy to violate civil rights under 42 U.S.C. § 1983 and violation of the New Jersey Civil Rights Act because he has not shown that he engaged in constitutionally protected conduct as a result of which the Port Authority and Donovan retaliated against him in an attempt to deny his rights to freedom of speech or that they conspired with the other defendants to deny plaintiff his rights. Plaintiff's claims for tortious interference with contract and prospective economic advantage should also be dismissed because plaintiff has not shown that the Port Authority and Donovan were aware of the purported contractual relationship or economic advantage between plaintiff and the Navy SEAL Foundation ("Foundation"), much less that they intentionally and maliciously interfered with it. Finally, plaintiff has not alleged that these defendants engaged in the extreme and outrageous conduct necessary to support a claim of intentional infliction of emotional distress.

## STATEMENT OF FACTS

Plaintiff commenced an action entitled *William Brown v. McCarter & English LLP* Docket No. ESX L 008932-24 in the Superior Court of New Jersey, Essex County on December 24, 2024 claiming violations of the Conscientious Employee Protection Act and unlawful termination. In February 2025, O'Toole Scrivo LLC appeared on behalf of McCarter & English LLP and moved to dismiss the complaint, which was granted in part on July 11, 2025. *See,* Declaration of Cheryl Alterman dated April 8, 2026, Ex. A. On February 26, 2026, plaintiff filed an amended complaint adding the Port Authority, Donovan and Chairman Kevin O'Toole as defendants claiming they

1

retaliated and conspired against him to stop him from pursuing his lawsuit against McCarter & English and making public statements regarding his treatment by the firm (Amended Complaint ¶¶ 4, 454, 455, 466, 471, 472).

Plaintiff alleges that the Port Authority provides support and resources for the NYC SEAL Swim, including access to the World Trade Center site. This support was voluntary (Amended Complaint ¶¶ 312, 313). Sometime after he filed his complaint against McCarter & English, plaintiff claims Donovan (i) excluded him from a call concerning the 2025 event and (ii) sent him a text threatening to withdraw Port Authority support for the NYC SEAL Swim unless plaintiff refrained from making any public statements critical of O'Toole or his law firm (Amended Complaint ¶ 324, 340). Plaintiff alleges, without any factual support, that Chairman O'Toole directed Donovan to take these actions. (Amended Complaint ¶ 349).

Plaintiff then claims that unidentified Port Authority employees informed the Foundation that the Port Authority "would not support the 2026 NYC SEAL Swim if plaintiff participated in the event" and, as a result, the Foundation terminated its contract with plaintiff and withdrew from participating in the 2026 event (Amended Complaint ¶¶ 351, 352). He alleges this was due to the threats by the Port Authority, Chairman O'Toole and Donovan acting in coordination with McCarter and its defense counsel (Amended Complaint ¶ 353). The Amended Complaint is devoid of allegations indicating that the Port Authority and Donovan were aware of plaintiff's lawsuit against McCarter & English and any plausible explanation as to why they would be concerned of its outcome.

**STANDARD OF REVIEW**

In deciding whether to grant or deny a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), the United States Supreme Court has held:

2

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all allegations in the complaint are true (even if doubtful in fact).

*Bell Atlantic Co. v. Twombly*, 550 U.S. 544, 555 (2007)(citation and footnote omitted) (emphasis added); *see also*, *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (a plaintiff's factual allegations must be enough to raise the right to relief above the speculative level).

Further, in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court held that "…a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678.  The *Iqbal* Court went on to specifically highlight the two principles which underpinned its decision in *Twombly*.  First, for the purposes of a motion to dismiss, courts must accept as true all factual allegations set forth in the complaint, but courts are not bound to accept as true any legal conclusions couched as factual allegations.  *Iqbal*, 556 U.S. at 678-79; *see also*, *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009).  Second, a complaint will only survive a motion to dismiss if it states a plausible claim for relief, which requires a court to engage in a context-specific analysis, drawing on the court's judicial experience and common sense. *Iqbal*, 556 U.S. at 679; *Fowler*, 578 F.3d at 211.  Where well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but has not shown-that the complainant is entitled to relief. *Id*.

This means that a court's inquiry is normally broken into three parts: "(1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the

3

elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

The only factual claims asserted against Donovan are the following: (1) he did not initially include plaintiff in a planning meeting before the 2025 NYC SEAL swim and (2) he sent a text to plaintiff telling him that if he posted anything negative about O'Toole or his firm, Donovan and the Port Authority would pull out of the event (Amended Complaint ¶¶ 325, 326 and 342). Plaintiff avers that Donovan's actions were premised on plaintiff's actions against McCarter & English (Amended Complaint ¶ 344). There is no allegation that either Donovan or the Port Authority were aware of plaintiff's lawsuit against McCarter & English or had any reason to be concerned about its outcome. Plaintiff also claims an unidentified party at the Port Authority contacted the Foundation and advised that it would no longer participate in the 2026 NYC SEAL swim if plaintiff was uninvolved (Amended Complaint ¶ 351). Plaintiff does not identify who this person was, how they knew about his purported contract with the Foundation and who they allegedly spoke to.

None of these allegations support plaintiff's claims that Donovan and the Port Authority were working with McCarter & English to prevent him from pursuing his employment discrimination claims against the law firm. The only link, Chairman O'Toole, is tangential at best. Plaintiff's attempt to make his personal lawsuit of such importance to O'Toole Scrivo that O'Toole would engage Port Authority resources to somehow thwart his claims is simply not supported by his two encounters with Dovovan, who he assumes without any factual support was working hand in glove with the Chairman of the Port Authority. Plaintiff's claims are no more than legal conclusions and recitals of the elements of a cause of action and, as such, are not entitled to the assumption of truth necessary to support plaintiff's claims under *Iqbal*. *See, Hamarneh v. United*

4

*Airlines,* Civil Action No. 24-5962 (JXN), 2026 WL 183763, *4 (D.N.J. Jan. 23, 2026) *citing*

*Davis v. Wells Fargo,* 824 F.3d 333, 341 (3d Cir. 2016).

## LEGAL ARGUMENT

## POINT I

**Plaintiff Has Failed to State a First Amendment Retaliation Claim Under 42 U.S.C. Section 1983 (Count XII of The First Amended Complaint)**

Count XII of the Amended Complaint attempts to state a claim for First Amendment retaliation under Section 1983. However, plaintiff has failed to allege facts sufficient to support such a claim against Donovan and the Port Authority. Pursuant to Section 1983: "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage…subjects or causes to be subjected, any citizen…or other person…to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . ." 42 U.S.C. § 1983. To establish liability under Section 1983, a plaintiff must show that defendants (1) acting under color of law, (2) violated plaintiff's federal constitutional or statutory rights, (3) and thereby caused the complained of injury. *See, Elmore v. Cleary*, 399 F.3d 279, 281 (3d Cir. 2005).

The Third Circuit has consistently held that when a private citizen brings a First Amendment retaliation claim against government entities and employees, they are required to allege three elements: (1) "[he engaged in] constitutionally protected conduct, (2) [there was] retaliatory action sufficient to deter a person of ordinary firmness from exercising [his] constitutional rights, and (3) [there was] a causal link between the constitutionally protected conduct and the retaliatory action." *Mirabella v. Villard*, 853 F.3d 641 (3d Cir. 2017). This three-part test applies specifically to private citizens, as distinguished from public employees *Falco v. Zimmer*, 767 Fed.Appx. 288 (2019).

5

First, Brown has failed to plead that he engaged in constitutionally protected conduct against the Port Authority defendants. Plaintiff specifically alleges that he "engaged in protected speech by filing this lawsuit and making public statements regarding his treatment by Defendant McCarter" (Complaint, ¶454). The lawsuit plaintiff is purportedly referring to is the one he commenced against his former employer, McCarter & English in December 2024. *See,* Alterman Decl., Ex. A. Clearly it was not the lawsuit commenced against the Port Authority parties inasmuch as he just commenced this lawsuit in February 2026, and therefore, could not be relying on it in attributing retaliatory conduct to Donovan and the Port Authority which predated the Amended Complaint. Plaintiff fails to allege even a conclusory allegation that his protected speech is against the Port Authority defendants. In considering the causal link element, Brown failed to properly plead that there was retaliatory conduct connected to his speech against Defendant McCarter. That is, Brown has failed to allege that the threat to withdraw Port Authority support for the NYC SEAL Swim was as a result of his speech against Defendant McCarter. And for good reason, he cannot show that the Port Authority and Donovan knew about his lawsuit or had any interest in its outcome.

Second, plaintiff's conclusory allegations that the text message conveyed a directive to "shut up about O'Toole Scrivo or lose your swim" lacks plausible factual support. (Amended Complaint, ¶343). In order to sufficiently plead a Section 1983 claim, plaintiff must allege each defendant's personal involvement in the alleged violations. *See, Iqbal*, 556 U.S. at 676, 129 S.Ct. 1937; *see also, Rode v. Dellarciprete*, 845 F.2d 1195, 1207–08 (3d Cir.1988) (affirming dismissal of First Amendment retaliation claim where plaintiff failed to allege personal direction of or knowledge and acquiescence in retaliatory actions by individual defendants). *Strategic Env't Partners, LLC v. Bucco*, 184 F. Supp. 3d 108, 124 (D.N.J. 2016). Brown has not adequately

alleged that Donovan possessed the authority to withdraw from or cancel the Port Authority's involvement in the swim in a way that would render his alleged threat meaningful.

While there are no dates referenced in the amended complaint, Brown's text messages to Donovan occurred prior to the August 2025 NYC SEAL Swim.  (Complaint, ¶341-342).  "For temporal proximity to be probative of causation, the timing of the retaliatory action must be 'unusually suggestive' of retaliatory motive" *See, Hammond v. City of Wilkes Barre*, 628 F. App'x 806, 808 (3d Cir. 2015).  Here no such temporal proximity exists.  Brown's first allegedly protected activity—his speech against Defendant McCarter and the filing of the state court action—occurred in December2024.  But, the text message between Brown and Donovan occurred the following year and prior to the August 2025 swim.  The Court may take judicial notice of the fact that despite Donovan's text message, the NYC SEAL swim took place on August 16, 2025.[1]

There are no facts alleged in the amended complaint to support a retaliation claim that because of Brown's statements against Defendant McCarter, the Port Authority withdrew its support for the swim.  In fact, the very occurrence of the event proves the opposite.  Brown's claims that the Foundation would not support the 2026 swim, is even further removed from the alleged protected speech that occurred by the 2024 filing of the complaint against Defendant McCarter.  (Complaint, ¶351-357).  Despite plaintiff's allegations, social media engines are actively recruiting participants for the 2026 swim, scheduled for August 15, 2026 (#nycSEALswim).  Plaintiff has not alleged that the Port Authority has refused to participate in the 2026 event.

Therefore, plaintiff has failed to sufficiently plead a First Amendment claim for retaliation as a matter of law.

---

[1] Events - Navy SEAL Foundation

## POINT II

### Plaintiff Fails to State a Claim For Relief Under 42 U.S.C. Section 1983 —Conspiracy to Violate Civil Rights (Count XIII)

The Court should dismiss plaintiff's claim alleging a violation under 42 U.S.C. Section 1983 (Count XIII), for the same reasons that apply to plaintiff's claims under First Amendment retaliation.  Plaintiff's conclusory allegations of an alleged conspiracy fail as they contain no specific factual allegations of "combination, agreement, or understanding among all or between any of the defendants to plot, plan or conspire to carry out the challenged conduct."  *Wood v. Williams*, 568 F. App'x 100, 107 (3d Cir. 2014).  In fact, plaintiff's allegations fail to allege that the Port Authority defendants acted in concert to "silence" his speech.  The amended complaint is devoid of any specific allegations that the Port Authority and/or Donovan (i) silenced his speech, (ii) punished plaintiff for filing the lawsuit, (iii) deterred plaintiff from pursuing claims, (iv) protected McCarter from liability, or (v) protected McCarter in this litigation.  *See,* Amended Complaint, ¶466.

### A.    Plaintiff Does Not Sufficiently Allege a Conspiratorial Agreement

"To show agreement, [Plaintiff] must demonstrate that 'the state actors named as defendants in the complaint somehow reached an understanding to deny [the plaintiff] his rights.'" *Mesadieu v. City of Elizabeth*, 2019 WL 4926884 at *9 (D.N.J. 2019) (*quoting Kost v. Kozakiewicz*, 1 F.3d 176, 185 (3d Cir. 1993)). There must be a showing of "an understanding or meeting of the minds" among the conspirators. *Murphy v. Middlesex Cty.*, 361 F. Supp. 3d 376, 389 (D.N.J. 2019).  The case law requires "rather, plaintiffs must allege with sufficient particularity that the [defendants] reached some understanding or agreement, or plotted, planned and conspired together, to deprive plaintiffs of a federal right.'"  *Hauptmann v. Wilentz*, 570 F. Supp. 351, 374 (D.N.J. 1983) (*quoting Chicarelli v. Plymouth Garden Apartments*, 551 F. Supp. 532 (E.D. Pa.

8

1982)).   "This requirement is necessary to protect defendants from the unwarranted expense, vexation, and possible notoriety which defense against frivolous claims entails." *Id.*

Plaintiff's conclusory allegation of a civil rights conspiracy between the Port Authority defendants and McCarter is devoid of factual detail.   Plaintiff fails to allege with the required particularity (i) how the alleged conspirators came to an agreement, (ii) when the agreement was made, (iii) who were the specific parties to the agreement, (iv) how long the agreement was in effect, or even (v) what precisely the agreement's object was.   Nothing is alleged about the claimed conspiracy other than "Defendants reached an understanding to deprive Plaintiff of his constitutional rights through coordinated action." Amended Complaint, ¶ 465.   "Civil rights conspiracy claims that are based only on suspicion and speculation instead of fact do not state a claim." *See, Young v. Kann,* 926 F.2d 1396, 1405 (3d Cir.1991); *Jackson v. Gordon*, 145 F. App'x 774, 778 (3d Cir. 2005).

Accordingly, plaintiff's allegations of conspiracy are too conclusory to state a plausible claim for relief and must be dismissed.

**B.    Plaintiff's Civil Conspiracy Claim (Count XVIII) Likewise Fails as a Matter of Law**

Plaintiff has failed to allege an underlying tort in support of his civil conspiracy claim. Under New Jersey law, a claim for civil conspiracy cannot survive without a viable underlying tort, and because all of plaintiffs' tort claims fail as a matter of law, his civil conspiracy claim must be dismissed.  *See, Allegheny Gen. Hosp. v. Philip Morris, Inc.*, 228 F.3d 429, 446 (3d Cir. 2000) (stating that a civil conspiracy claim requires an underlying cause of action); *Dist. 1199P Health & Welfare Plan v. Janssen*, L.P., 784 F. Supp. 2d 508, 533 (D.N.J. 2011).  For the same reasons articulated above, plaintiff's civil conspiracy claim fails as a matter of law.

9

## POINT III

**Plaintiff Fails To State a Claim Under New Jersey Civil Rights Act—*N.J.S.A.* 10:6-1 to 2**

The Court should dismiss plaintiff's claim alleging a violation of the New Jersey Civil Rights Act ("NJCRA"), *N.J.S.A.* 10:6 1 *et. seq.* (Count XIV), for the same reasons that apply to plaintiff's claims under 42 U.S.C. Section 1983. The NJCRA went into effect on September 10, 2004. P. L. 2004, c.143. The NJCRA creates a private right of action and provides in pertinent part:

> Any person who has been deprived of any substantive due process or equal protection rights, privileges or immunities secured by the Constitution or laws of the United States, or any substantive rights, privileges or immunities secured by the Constitution or laws of this State, or whose exercise or enjoyment of those substantive rights, privileges or immunities has been interfered with or attempted to be interfered with, by threats, intimidation or coercion by a person acting under color of law, may bring a civil action for damages and for injunctive or other appropriate relief...

*N.J.S.A.* 10:6-2(c).

### A.    **Official Capacity**

For purposes of Section 1983, "a lawsuit against public officers in their official capacities is functionally a suit against the public entity that employs them." *Eaton v. Tosti*, 2010 WL 2483318 (D.N.J. June 4, 2010) (official-capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent."). Indeed, "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. It is not a suit against the official personally, for the real party in interest is the entity." *Kentucky v. Graham*, 413 U.S. 159, 166 (1985) ("[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. It is not a suit against the official personally, for the real party in interest is the entity."); *see also, Cuvo v. DeBiasi*, 169 Fed. Appx. 688, 693 (3d Cir. 2006) (dismissing claims against public official in his official capacity as duplicative of

10

claim against public entity); *Janowski v. City of North Wildwood*, 259 F.Supp. 3d 112, 131-32 (D.N.J. 2017) (same); *Port Auth. Police Benevolent Ass'n, Inc. v. Port Auth. of New York and New Jersey*, 2017 WL 4403310 at *8 and n. 16 (S.D.N.Y. 2017) (same).

On this basis alone, plaintiff's Section 1983 claims against Donovan in his official capacity should be dismissed. *See, Eaton*, 2010 WL 2483318 at *4 ("since the complaint only asserts claims against [one of the defendants] in is official capacity, plaintiff's Section 1983 claims against him may be dismissed on this basis alone."); *Young v. New Sewickley Twp.*, 160 Fed. Appx. 263 (3d Cir. 2005) (affirming district court's dismissal of official capacity suit under 12(b)(6)); *Lopez v. Maczko*, 2007 WL 2461709 at *7 (E.D.Pa. Aug. 16, 2007) (dismissing Section 1983 claim against police commissioner because city was already named as defendant in suit). Donovan is likewise entitled to qualified immunity for plaintiff's related conspiracy claim. "[A]n official who is immune from suit for a § 1983 violation is also immune from liability for a conspiracy claim based on the same underlying conduct." *Stokes v. City of Philadelphia*, 2023 WL 362006 at *5 (E.D. Pa. 2023) (*citing Ippolito v. Aherne*, 2015 WL 6447153, at *6 (E.D. Pa. 2015)).

In light of the fact that the First Amendment, civil conspiracy, and NJCRA claims are made against Donovan, those claims should be dismissed against Donovan in his official capacity.

**B.    Individual Capacity**

The NJCRA claims (as well as the other claims) against Donovan in his individual capacity should be dismissed on the basis of qualified immunity. Under the doctrine of qualified immunity, local government officials sued in their individual capacities are not liable for the good faith performance of their activities. *Harlow v. Fitzgerald*, 457 U.S. 800, 814 (1982).

Qualified immunity is designed to accommodate the competing values of providing a cause of action for the deprivation of Constitutional rights while ensuring that public officials can

11

exercise their discretionary powers without undue fear of personal liability. *Curley v. Klem*, 499 F.3d 199, 206 (3d Cir. 2007). The Supreme Court has "repeatedly stressed the importance of resolving immunity questions at the earliest possible stage in litigation." *Hunter v. Ezzt*, 502 U.S. 224, 227 (1991)). Thus, when a defendant asserts the protection of qualified immunity, a ruling on that issue should be made early in the proceedings so that the costs and expenses of trial are avoided where the defense is dispositive.

Plaintiff's Section 1983 and NJCRA claims against Donovan in his individual capacity should be dismissed as he enjoys qualified immunity in connection with carrying out his duties as a Port Authority employee. Donovan is not liable for exercising discretion in making decisions and carrying out activities as a government employee. Likewise, Plaintiff's tort claims asserted against Donovan individually (Counts XV through XVIII) are also based upon Donovan's role in carrying out his duties as a Port Authority employee and should be dismissed on the basis of qualified immunity as well.

## POINT IV

### Plaintiff Has Failed to State a Claim for Tortious Interference With Contract Against the Port Authority and Donovan

"To establish [tortious interference with an existing contract], a plaintiff must prove: (1) an existing contractual relationship; (2) intentional and malicious interference with that relationship; (3) loss or breach of a contract as a result of the interference; and (4) damages resulting from that interference. *DiGiorgio Corp. v. Mendez & Co., Inc.*, 230 F. Supp. 2d 552, 558 (D.N.J. 2002) (*citing Printing Mart-Morristown v. Sharp Elec. Corp.*, 116 N.J. 739, 751-52, 563 A.2d 31 (1989)). A person cannot interfere with a contract they know nothing about. *Major League Baseball Promotion Corp. v. Colour-Tex, Inc.,* 729 F.Supp. 1035, 1051 (D.N.J. 1990) *citing Restatement (Second) of Torts, § 766 cmt. i.* Even assuming one has knowledge of the

contract, interference with it is only intentional "if the actor desires to bring it about or if he knows that the interference is certain or substantially certain to occur as a result of his action." *Restatement (Second) Torts,*, § 766A, cmt. e (Am. L. Inst. 1977). "For purposes of this tort, [t]he term malice is not used in the literal sense requiring ill will toward plaintiff. Rather, malice is defined to mean that the harm was inflicted intentionally and without justification or excuse." *Micro Image Technologies, Inc. v. Olympus Corporation of the Americas*, Civ. No. 20-18781 (ZNQ)(TJB), 2022 WL 17132156, at *4 (D.N.J., 2022) (Improper and wrongful means include conduct that amounts to fraud, defamation, deceit, misrepresentation, violence, intimidate, criminal or civil threats, or other violations of the law, none of which were alleged and therefore the tortious interference with contract claim was dismissed.)

While plaintiff claims he had a contractual relationship with the Foundation, it is not clear from the amended complaint what constituted that alleged relationship. The NYC SEAL swim is a charitable event, and plaintiff does not claim to be employed by the Foundation; therefore, it is unclear why the Foundation would pay him. Plaintiff generally alleges that defendants knew of this relationship and intentionally interfered with it, but the complaint lacks any factual support for these claims. In fact, the person who he claims contacted the Foundation and purportedly caused it to sever its relationship with plaintiff is unidentified (Amended Complaint ¶ 301). Where, as here, a claim for interference with contract is nothing more than a recitation of the elements that baldly accuse the Port Authority and Donovan of the violation simply because his relationship with the Navy SEAL Foundation purportedly ended, such accusations alone are insufficient to state a claim for tortious interference with a contract. *See*, *Micro Image Technologies, Inc.*, 2022 WL 17132156, *4. Accordingly, plaintiff has failed to sufficiently state a claim for tortious interference with a contract claim against these defendants.

13

Even assuming, *arguendo*, that plaintiff had stated a claim for tortious interference with contract, in New Jersey, "a clear-cut consensus has emerged that if an employee or agent is acting on behalf of his or her employer or principal, then no action for tortious interference will lie." *American Capital Acquisition Partners, LLC v. Fortigent, LLC*, No. 13-5571 (AET), 2014 WL 1210580, at *6 (D.N.J.,Mar. 24, 2014) *citing DiMaria Const., Inc. v. Interarch*, 351 N.J.Super. 558, 568, 799 A.2d 555 (App.Div.2001) *aff'd*, 172 N.J. 182, 797, 797 A.2d 137 (2002). The Third Circuit has held that an employee falls outside the scope of his employment if the employee "acts for personal motives, out of malice, beyond his authority, or otherwise not in good faith in the corporate interest." *Varrallo v. Hammond Inc.*, 94 F.3d 842, 849 n. 11 (3d Cir.1996).

Here, the complaint is devoid of facts suggesting that Donovan acted "for personal motives, out of malice, beyond his authority, or otherwise not in good faith in the corporate interest." *Id*. at 849 n. 11. Thus, Donovan cannot be held individually liable for tortious interference with contract.

## POINT V

### Plaintiff Has Failed to State a Claim for Tortious Interference With Prospective Economic Advantage

The four elements of a claim for tortious interference with prospective economic advantage under New Jersey law are: "(1) a reasonable expectation of economic advantage to plaintiff, (2) interference done intentionally and with 'malice,' (3) causal connection between the interference and the loss of prospective gain, and (4) actual damages." *Fid. Eatontown, LLC v. Excellency Enter., LLC*, No. 16-3899, 2017 WL 2691417, 2017 (D.N.J. June 22, 2017) (*quoting Varrallo v. Hammond Inc.*, 94 F.3d 842, 848 (3d Cir. 1996)).

To succeed on claim of tortious interference with prospective economic advantage, plaintiff must show malice, *i.e.*, "that harm was inflicted intentionally and without justification or excuse." *Interstate Realty Co., L.L.C. v. Sears Roebuck & Co.*, 372 Fed.Appx. 277, 279 (C.A.3

14

(N.J.), 2010) *citing Lamorte Burns & Co., Inc. v. Walters*, 167 N.J. 285, 770 A.2d 1158, 1170 (2001) ("[T]he line clearly is drawn at conduct that is fraudulent… or illegal and thereby interferes with a competitor's economic advantage."). Where the Complaint is devoid of allegations of illegality, fraud and that the defendant acted with intent, the complaint should be dismissed. *Id.* at 306-07 (requiring that the harm was "inflicted intentionally and without justification or excuse.").

Additionally, the plaintiff must allege facts to support his allegation that the defendant had knowledge of his prospective contracts and benefits. *Bayer Healthcare LLC v. Second Stone Enterprises LLC*, No. 24-7618 (MAS). 2025 WL 1531237, at *10 (D.N.J., May 29, 2025) *citing Florian Greenhouse, Inc. v. Cardinal IG Corp.*, 11 F. Supp. 2d 521, 525 (D.N.J. 1998) (rejecting defendant's tortious interference with prospective economic advantage claim because defendant was not on notice of potential economic transactions and benefits). As set forth in Point IV, there is no evidence that Donovan and the Port Authority were aware of his economic relationship with the Foundation.

Plaintiff's tortious interference with prospective economic advantage rests solely on the undated text message Donovan purported sent to him. A review of this message shows that Donovan simply asked plaintiff not to post anything about the Port Authority's Chairman or his firm, neither of whom were involved in the claims set forth in plaintiff's lawsuit against McCarter & English, other than the fact that the law firm was retained to defend McCarter & English. Plaintiff has failed to plead facts indicating that the interference was done with actual malice, besides reciting this element in his complaint. As such, it is insufficient to state a claim. *Mu Sigma Inc., v. Affine, Inc.*, No. 12-1323 (FLM), 2013 WL 3772724, *4 (July 17, 2013) (Failure to allege any supporting facts that would give rise to an interference of malice is insufficient to state a claim under *Iqbal's* guidance.)

15

Plaintiff also fails to come forth with evidence that Donovan's test message was sent to the Foundation or that Donovan or the Port Authority had any contact with the Foundation. The bare allegation that "officials" of the Port Authority advised the Foundation that it would not support the 2026 event if plaintiff participated (*see*, Amended Complaint ¶ 351) is simply a bald allegation without factual support and need not be credited by the court. *See, Saget v. Wells Fargo Bank, N.A.*, Civ. No. 2:13-03544 (WJM), 2013 WL 6254020, * 3 (D.N.J. Dec. 4, 2013). Because the amended complaint fails to show that Donovan and the Port Authority acted intentionally and maliciously to deprive plaintiff of a prospective economic advantage of which they had knowledge, this claim should be dismissed.

## POINT VI

**Plaintiff Failed to State a Claim for Intentional Infliction of Emotional Distress**

Plaintiff fails to allege sufficient facts to establish a claim of intentional infliction of emotional distress because he has failed to plead facts demonstrating that the Port Authority defendants' conduct was (1) intended to cause emotional distress, (2) extreme and outrageous, and (3) caused him severe emotional distress.

To establish a *prima facie* claim for intentional infliction of emotional distress in New Jersey, a plaintiff must show: "(1) that the defendant intended to cause emotional distress; (2) that the conduct was extreme and outrageous; (3) that the actions proximately caused emotional distress; and (4) that plaintiff's emotional distress was severe." *Witherspoon v. Rent-A-Center, Inc.*, 173 F. Supp. 2d 239, 242 (D.N.J. 2001) (*citing Buckley v. Trenton Saving Fund Soc'y*, 544 A.2d 857, 863 (N.J. 1988)). "New Jersey courts have found that the emotional distress must meet an 'elevated threshold' which is only satisfied in 'extreme cases'" *Sebastian v. Vorhees Twp.*, No. 08-6097, 2011 WL 540301, at *8 (D.N.J. Feb. 8, 2011) (*quoting Griffin v. Tops Appliance City,*

16

*Inc.*, 766 A.2d 292, 296 (N.J. Super. Ct. App. Div. 2001)); *Lee v. ElectrifAi, LLC*, No. CV 23-2239 (JXN) (JRA), 2024 WL 4182541, at *12–13 (D.N.J. Sept. 13, 2024).

Here, plaintiff fails to plead the requisite elements for an intentional infliction of emotional distress claim. First, plaintiff must show Defendants intended "to do the act and produce emotional distress" or to act "recklessly in deliberate disregard of a high degree of probability that emotional distress would follow." *Buckley*, 544 A.2d at 863. Plaintiff's conclusory allegations that "Defendants used governmental power to punish Plaintiff, resulted in plaintiff allegedly being excluded from the swim, and that defendants' action were "coordinated with McCarter's defense counsel" are not supported by sufficient factual allegations (Amended Complaint, ¶490); *see, Iqbal*, 556 U.S. at 678.

Second, a plaintiff must show conduct "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Buckley*, 544 A.2d at 863 (internal quotation marks omitted). Plaintiff merely alleges that "Defendants' conduct was extreme and outrageous" (Amended Complaint ¶ 490). This conclusory statement is not supported by any factual allegations and certainly does not specify extreme and outrageous conduct.

Third, "the emotional distress suffered by the plaintiff must be so severe that no reasonable man could be expected to endure it." *Buckley*, 544 A.2d at 863 (internal quotation marks omitted). Plaintiff alleges he suffered "severe emotional distress" without describing how defendants' alleged actions resulted in his suffering (Amended Complaint ¶ 492). Plaintiff has failed to allege that his level of distress is so severe that no reasonable person could be expected to endure it.

Accordingly, plaintiff's intentional infliction of emotional distress claim fails and should be dismissed.

17

## CONCLUSION

For all the foregoing reasons, the Port Authority respectfully requests that plaintiff's first

amended complaint be dismissed as against the Port Authority and Donovan.

Dated:    New York, New York
          April 8, 2026

                                        Respectfully submitted,

                                        THE PORT AUTHORITY LAW DEPARTMENT
                                        *Attorney for Defendants*
                                        The Port Authority of New York and New Jersey and
                                        Patrick Donovan

                                        By:   /s/*Cheryl N. Alterman*
                                             Cheryl N. Alterman, Esq.
                                             Megan Lee, Esq.
                                             4 World Trade Center, 24th Floor
                                             150 Greenwich Street
                                             New York, New York 10007
                                             Telephone No.: (212) 435-3431
                                             Email: mlee@panynj.gov

To:    William Brown Jr., Esq.
       *Plaintiff Pro Se*
       134 Main Street
       South Bound Brook, New Jersey 08880

       Michael Dee, Esq.
       O'Toole Scrivo, LLC
       14 Village Park Road
       Cedar Grove, New Jersey 07009
       Tel: (973) 239-5700
       Email: mdee@oslaw.com
       *Attorneys for Defendant, McCarter & English, LLP*

       Thomas R. Calcagni
       Walter R. Krzastek
       Luke J. O'Brien
       Calcagni & Kanefsky LLP
       1085 Raymond Boulevard, 18th Floor
       Newark, New Jersey 07102
       Tel: (862) 387-1796
       Email: tcalcagni@ck-litigation.com
       *Attorneys for Defendant Kevin J. O'Toole*

18

TO:      All parties via NYSEF

## CERTIFICATE OF COMPLIANCE

**PURSUANT TO LOCAL CIVIL RULES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY, RULE 7.2(d)**

I, **Cheryl Alterman**, an attorney duly admitted to practice law before the United States District Court for the District of New Jersey, hereby certify the total number of words in the foregoing Memorandum of Law, exclusive of pages containing the caption, signature block, and certificate of compliance is 5425, and meets the page limit requirements, which was calculated by the word-processing system used to prepare the document.

Dated:   New York, New York
          April 8, 2026

Respectfully submitted,

THE PORT AUTHORITY LAW DEPARTMENT
*Attorney for Defendants*
The Port Authority of New York and New Jersey and Patrick Donovan

By:    /s/*Cheryl N. Alterman*
        Cheryl N. Alterman, Esq.
        Megan Lee, Esq.
        4 World Trade Center, 24th Floor
        150 Greenwich Street
        New York, New York 10007
        Telephone No.: (212) 435-3431
        Email: mlee@panynj.gov

To:      William Brown Jr., Esq.
         *Plaintiff Pro Se*
         134 Main Street
         South Bound Brook, New Jersey 08880

         Michael Dee, Esq.
         O'Toole Scrivo, LLC
         14 Village Park Road
         Cedar Grove, New Jersey 07009
         Tel: (973) 239-5700
         Email: mdee@oslaw.com
         *Attorneys for Defendant, McCarter & English, LLP*

Thomas R. Calcagni
Walter R. Krzastek
Luke J. O'Brien
Calcagni & Kanefsky LLP
1085 Raymond Boulevard, 18th Floor
Newark, New Jersey 07102
Tel: (862) 387-1796
Email: tcalcagni@ck-litigation.com
*Attorneys for Defendant Kevin J. O'Toole*