

**William (SEAL) Brown, Esq.**
Partner
260 Madison Avenue, 17th Floor
New York, NY 10016*
william.brown@parlatorelawgroup.com
Direct: 862-415-4880

April 10, 2026

**VIA CM/ECF**

The Honorable Julien Xavier Neals, U.S.D.J.
United States District Court
District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07101

**Re: Brown v. McCarter & English LLP et al.**
**Case No. 2:26-cv-02808-JXN-AME**
**Request to Stay Briefing on Motions to Dismiss Pending Resolution of Motion to Disqualify**

Dear Judge Neals:

Plaintiff William Brown Jr. respectfully requests that the Court stay the briefing schedule on the three Motions to Dismiss filed on April 8, 2026 (ECF Docs. 23, 24, and 25) pending resolution of Plaintiff's Motion to Disqualify O'Toole Scrivo, LLC (ECF Doc. 19). In the alternative, Plaintiff requests that the Court extend Plaintiff's opposition deadline on all three Motions to Dismiss until fourteen (14) days after the Court rules on the Motion to Disqualify.

This request is supported by persuasive authority from multiple circuits — including authority cited approvingly by the Third Circuit — establishing that a court should resolve a disqualification motion before turning to dispositive motions filed by the challenged counsel. It is further supported by significant new developments — including the Port Authority's withdrawal from Chairman O'Toole's defense on the same day the Motions to Dismiss were filed — that confirm the conflict is real and the disqualification motion must be decided first.

Licensed to Practice by the State of New Jersey
*Parlatore Law Group is a nationwide cloud-based firm. Please send all correspondence electronically. If physical mail is required, please use the central mailing address below.

www.parlatorelawgroup.com    1440 N Edgewood Street, Floor 4, Arlington, VA 22201

I.   **THE DISQUALIFICATION MOTION SHOULD BE RESOLVED BEFORE DISPOSITIVE MOTIONS**

The Sixth Circuit has held as a matter of law that **"[a] district court must rule on a motion for disqualification of counsel prior to ruling on a dispositive motion because the success of a disqualification motion has the potential to change the proceedings entirely."** Bowers v. Ophthalmology Group, 733 F.3d 647, 654 (6th Cir. 2013). The D.C. Circuit adopted the same rule: a court **"must resolve the motion to disqualify before it turns to the merits of any dispositive motion."** Grimes v. District of Columbia, 794 F.3d 83, 86 (D.C. Cir. 2015).

While no binding Third Circuit decision has addressed this precise sequencing question, the Third Circuit has recognized this principle, citing Grimes approvingly. See Tymiak v. Commissioner Social Security, No. 19-3496, slip op. at 16 (3d Cir. Jan. 26, 2021) (non-precedential). The reasoning of Bowers and Grimes is compelling and has been adopted by courts within this Circuit and across the country.

Courts have applied this rule to motions to dismiss. See Doe 1 v. American Federation of Government Employees, 559 F. Supp. 3d 1, 5 n.5 (D.D.C. 2021). Most recently, in John Doe v. Romulus Community Schools District, No. 2:25-cv-11295 (E.D. Mich. Jan. 15, 2026), the court granted a disqualification motion and — citing Bowers — held that it **"must first address Defendants' motion to disqualify Doe's counsel 'because the success of a disqualification motion has the potential to change the proceedings entirely.'"** The court denied two other pending motions without prejudice, holding it **"should not proceed to 'reach the other questions or motions presented to it through the disqualified counsel.'"** Id.

Courts in this District have followed a similar approach. In Delconte v. Monroe Township Board of Education, No. 1:19-cv-13731 (D.N.J. Oct. 16, 2020), the court stayed the case while a disqualification motion was pending, noting that **"[t]he case is presently stayed until defendants' motion is decided."** Delconte, 2020 WL 6119859, at *2. While the stay was not the subject of a separate ruling, the court's practice of holding all proceedings in abeyance pending resolution of the disqualification motion is consistent with the sequencing principles established in Bowers and Grimes. And in Cypress Holdings, III, L.P. v. Sport-BLX, Inc., No. 1:22-

cv-01243 (S.D.N.Y. May 16, 2022), the court stayed the briefing schedule on a motion to dismiss pending resolution of a disqualification motion, citing both Bowers and Grimes.

The rationale is straightforward: **"Resolving asserted conflicts before deciding substantive motions assures that no conflict taints the proceeding, impairs the public's confidence, or infects any substantive motion prepared by or under the auspices of conflicted counsel."** Grimes, 794 F.3d at 90. McCarter's 47-page Motion to Dismiss (ECF Doc. 23) was filed by O'Toole Scrivo — the very counsel whose authority is challenged. Under Grimes, the Court should not entertain that motion until the disqualification motion is resolved.

II.    <u>**THE APRIL 8, 2026 DEVELOPMENTS CONFIRM THE CONFLICT**</u>

A.  **The Port Authority Withdrew from O'Toole's Defense**

On April 8, 2026, the Port Authority Law Department attorneys who had represented O'Toole since the Port Authority's appearance — Cheryl Alterman and Megan Lee — were terminated as O'Toole's counsel. (ECF Doc. 22.) O'Toole retained private personal counsel at Calcagni & Kanefsky LLP. (ECF Docs. 20, 21, 22.)

This is the second time a party has recognized the conflict. The Port Authority initially retained separate counsel for O'Toole rather than allowing O'Toole Scrivo to represent him. Now, the Port Authority has gone further and withdrawn entirely. The Port Authority By-Laws, Art. XI, paragraph 4, provide that the Port Authority **"shall not indemnify and save harmless or pay under this Article XI where the injury or damage resulted from actual fraud, actual malice, willful misconduct or intentional wrongdoing."** The Port Authority's decision to withdraw — requiring O'Toole to retain private counsel at his own expense — is consistent with a determination that O'Toole's conduct falls outside the scope of indemnification.

B.  **McCarter's Motion to Dismiss Proves the Conflict**

As Plaintiff argued in the Motion to Disqualify (ECF Doc. 19-1 at 22), McCarter's strongest defense to the post-termination retaliation claims (Counts XII-XVIII) is to argue that the Port Authority's retaliatory conduct was O'Toole's independent action, not directed or coordinated by McCarter. But O'Toole Scrivo cannot advance this defense because it would expose its own managing partner to greater personal liability.

McCarter's Motion to Dismiss confirms this structural impossibility. Rather than distancing McCarter from O'Toole's conduct — which is what an unconflicted counsel would do — O'Toole Scrivo argues that there is no factual basis for the conspiracy at all. (ECF Doc. 23-1 at 38-40.) This argument protects O'Toole by denying the existence of any retaliatory conduct, rather than arguing that even if the Port Authority retaliated, McCarter had no involvement. An unconflicted counsel for McCarter might take a fundamentally different approach: concede that the Port Authority's conduct was O'Toole's independent action and argue that McCarter had nothing to do with it — a defense that would serve McCarter's interests but expose O'Toole to greater personal liability. O'Toole Scrivo will never make that argument because it would implicate its own managing partner. That is the conflict. See <u>Stahlberg v. Walter R. Earle Transit, LLC</u>, No. A-2373-23, slip op. at 15 (N.J. App. Div. Oct. 2, 2024) (affirming disqualification where **"a lawyer representing [both] will have to make strategic determinations on how to present a defense and that will involve conflicts"**).

C. **The Three Motions to Dismiss Are Coordinated**

O'Toole's personal Motion to Dismiss expressly **"adopts and incorporates by reference all arguments set forth in his co-defendants' motions to dismiss."** (ECF Doc. 25-1 at 3 n.1.) All three motions were filed on the same day with the same return date. This coordination confirms the structural control documented in the Motion to Disqualify: O'Toole retains influence over both sides of the defense because his law firm controls McCarter's defense and the agency he chaired provided counsel for the Port Authority Defendants until the withdrawal on April 8.

D. **The Opposition's Own Concession Requires the Sequencing Plaintiff Requests**

In the state court opposition to the Motion to Disqualify, O'Toole Scrivo argued that the disqualification motion was **"premature"** because McCarter **"intends to move to dismiss"** the conspiracy claims, and that **"[d]ismissal of these claims would eliminate any semblance of divergent interests between McCarter and Defendant O'Toole."** This is a concession that the conflict exists as long as the conspiracy claims are pending. Now McCarter has filed the very Motion to Dismiss it promised — but the disqualification motion has not been decided. The opposition cannot argue in state court that the disqualification is "premature" because a Motion to Dismiss is coming, and then argue in federal court that the Motion to Dismiss should be decided first.

III.    **THE REVEL FOUR-FACTOR TEST SUPPORTS A STAY**

The Third Circuit applies a four-factor test when evaluating a request to stay proceedings. See In re Revel AC, Inc., 802 F.3d 558, 568 (3d Cir. 2015). All four factors favor a stay.

**Factor 1 — Serious Questions Going to the Merits.** The disqualification motion raises serious questions going to the merits and presents a substantial likelihood of success. The Third Circuit has held that where a law firm partner's conflict creates a **"serious potential for conflict,"** the entire firm must be disqualified — and that **"no workable 'Chinese Wall' could be erected"** in a small firm. United States v. Self, 681 F.3d 190, 196 (3d Cir. 2012). Here, the ethical screen failed eleven days after implementation when the Port Authority called the Cedar Grove Police to stop Plaintiff's process server. The Port Authority has now withdrawn from O'Toole's defense. Captain Eileen O'Toole — O'Toole's own sister and a 25-year law enforcement veteran — confirmed the pattern of abuse under oath. And Magistrate Judge Espinosa — the magistrate judge assigned to this case — recently granted disqualification on analogous grounds in Harish v. Arbit, No. 2:21-cv-11088-EP-AME, 2025 WL 354434 (D.N.J. Jan. 31, 2025), where a third party's interests dominated defense counsel's representation and the conflict was **"real, current, and non-speculative."** Although Harish involved a non-party litigation funder directing defense strategy, the governing principle is the same: where a third party's interests — whether a funder or, as here, a managing partner with direct personal exposure — commandeer counsel's strategic decisions, the conflict is disqualifying. The conflict here is at least as severe.

**Factor 2 — Irreparable Harm.** O'Toole's proposed order asks for dismissal with prejudice. (ECF Doc. 25-2.) If the Court grants this before resolving the disqualification motion, Plaintiff permanently loses his claims against O'Toole — the very claims at the center of the conflict. If the Court later determines O'Toole Scrivo should have been disqualified, the damage cannot be undone. See Grimes, 794 F.3d at 90 (a dispositive ruling under the auspices of conflicted counsel **"infects"** the proceedings).

**Factor 3 — No Prejudice to Defendants.** McCarter has never filed an Answer in over fifteen months of litigation. A brief stay is immaterial. If the disqualification is denied, the Motions to Dismiss proceed on the existing schedule. If granted, new counsel for McCarter may withdraw or substantially revise the Motion to Dismiss — saving the Court and all parties significant resources.

**Factor 4 — Public Interest.** The public has a compelling interest in ensuring that dispositive motions are not decided by conflicted counsel whose judgment is materially limited by its managing partner's personal interests — particularly where the conflict involves a governmental official using governmental power to obstruct the litigation his own law firm is defending.

## IV.   <u>REQUEST FOR RELIEF</u>

Plaintiff respectfully requests that the Court grant the following relief in the order of priority set forth below:

**Primary Relief:**

1. Stay the briefing schedule on the Motions to Dismiss (ECF Docs. 23, 24, and 25) pending resolution of Plaintiff's Motion to Disqualify (ECF Doc. 19), consistent with <u>Grimes</u>, <u>Bowers,</u> <u>John Doe v. Romulus Community Schools,</u> and the <u>Revel</u> four-factor test.

2. Schedule the Motion to Disqualify for expedited consideration before the May 4, 2026 return date on the Motions to Dismiss.

**Alternative Relief:**

3. In the alternative, if the Court declines to stay the Motions to Dismiss, extend Plaintiff's opposition deadline on all three motions until fourteen (14) days after the Court rules on the Motion to Disqualify.

A proposed form of order is submitted herewith as an electronic attachment to this filing.

The integrity of these proceedings depends on resolving the disqualification motion before the Court and the parties are required to engage with substantive motions filed by counsel whose authority to act is challenged.

> Respectfully submitted,
> /s/ William Brown
> William (SEAL) Brown Jr., Esq.
> Plaintiff Pro Se
> william.brown@parlatorelawgroup.com

cc: Thomas P. Scrivo, Esq. / Michael J. Dee, Esq. / Joseph R. Marsico, Esq.
O'Toole Scrivo, LLC — via CM/ECF

Thomas R. Calcagni, Esq. / Walter R. Krzastek, Esq. / Luke J. O'Brien, Esq.
Calcagni & Kanefsky LLP — via CM/ECF

Cheryl Alterman, Esq. / Megan Lee, Esq.
Port Authority Law Department — via CM/ECF
Attorneys for Defendants