

**O'TOOLE SCRIVO**

A LIMITED LIABILITY COMPANY

**MICHAEL J. DEE**
mdee@oslaw.com

April 9, 2026

<u>**Via ECF**</u>
Hon. André M. Espinosa, U.S.M.J.
Martin Luther King Building and U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07101

> Re:    **Brown v. McCarter & English, LLP** *et al.*
>         **Civil Case No. 26-2808 (JXN) (AME)**

Dear Judge Espinosa:

We represent defendant McCarter & English, LLP ("McCarter") in the above-referenced matter. We write regarding the motion filed by Plaintiff on March 31 seeking to disqualify the undersigned firm from continuing to represent McCarter in this litigation and Plaintiff's letter this morning requesting a stay of the motions to dismiss filed by all defendants. *See* ECF 19, 26. As explained below, Plaintiff's March 31 motion is procedurally improper and should not be considered by the Court. McCarter respectfully submits that the Court should simply consider and decide Plaintiff's initial motion to disqualify, which is fully briefed, rendering any improper request for a stay of the pending motions to dismiss as unnecessary.

On March 2, while this matter was pending in state court, Plaintiff filed a motion to disqualify based on a supposed conflict between McCarter and this firm's Managing Partner, Kevin O'Toole, a co-defendant represented by separate counsel. *See* ECF 2-1 at 237–58. McCarter filed timely opposition and Plaintiff filed a reply. *See id.* at 260–333, 335–411. When McCarter filed its Notice of Removal on March 18, *see* ECF 2, the disqualification motion was transferred in its entirety to this Court. *See Murray v. Pinnacle Foods Corp.*, No. 08-647, 2008 U.S. Dist. LEXIS 132981, at *6 (D.N.J. June 27, 2006) (federal court "takes the case on removal exactly as the case stood in state court") (quoting James Wm. Moore, *Moore's Federal Practice*, § 107.31[3] (3d ed. 2008)); *accord Doe v. United Servs. Life Ins. Co.*, 123 F.R.D. 437, 438 (S.D.N.Y. 1988) ("[M]otions pending in state court at the time of removal survive removal."). Accordingly, the new disqualification motion filed by Plaintiff on March 31 was an unnecessary duplicate of an already pending motion fully briefed before the Court.

For these reasons, McCarter respectfully requests that the Court administratively dismiss the March 31 filing and consider only the papers properly filed in state court. We note, however, that in filing his reply papers on the original motion, Plaintiff included a multitude of new allegations and arguments that had not been raised in his original papers, primarily relating to events surrounding the service of process on Mr. O'Toole. *See* ECF 2-1 at 335–411. Of course, it was improper to introduce new allegations and arguments in a reply, *see In re Bell Atl.-N.J., Inc.*,

14 Village Park Road, Cedar Grove, New Jersey 07009 | (973) 239-5700 | Facsimile: (973) 239-3400 | oslaw.com

535 Fifth Avenue, Fourth Floor, New York, New York 10017 | (888) 663-1117

Hon. André M. Espinosa, U.S.M.J.
April 9, 2026
Page 2

342 N.J. Super. 439, 442–43 (App. Div. 2001) ("It is improper to introduce new issues in a reply brief.") (citing cases), and, thus, McCarter requests that the Court not consider those aspects of Plaintiff's reply papers. *See City of Hoboken v. Exxon Mobil Corp.*, 558 F. Supp. 3d 191, 210 (D.N.J. 2021) ("[T]his Court typically does not consider new arguments in a reply brief.") (citation omitted). If the Court intends to consider any part of that new material, McCarter requests an opportunity to submit a sur-reply of no more than five pages addressing the new material.

We appreciate the Court's attention to this matter.

Respectfully submitted,

**O'TOOLE SCRIVO, LLC**

*/s/ Michael J. Dee*

Michael J. Dee

cc:     Megan Lee, Esq.—*via ECF*
          Counsel for Defendants Port Authority and Donovan

        Thomas R. Calcagni, Esq.—*via ECF*
          Counsel for Defendant O'Toole

        William Brown, Jr., Esq.—*via ECF and electronic mail*
          Plaintiff *Pro Se*