

**THOMAS R. CALCAGNI** PARTNER

📞 862.397.1796    ✉ tcalcagni@ck-litigation.com    🌐 ck-litigation.com

April 9, 2026

**Via ECF**
Hon. Julien Xavier Neals, U.S.D.J.
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, New Jerey 07101

Re:    *Brown v. McCarter & English, LLP* et al., Case No. 2:26-cv-2808-JXN-AME,
          **Response to Plaintiff's Request to Stay Briefing on Pending Motions to Dismiss**

Dear Judge Neals:

This firm ("CK") represents defendant Kevin J. O'Toole, Chairman of the Port Authority of New York and New Jersey, in the above-referenced matter.  Yesterday, Chairman O'Toole filed a motion to dismiss the baseless claims against him.  ECF No. 19.  His co-defendants – the Port Authority and Patrick Donovan (represented by Port Authority in-house counsel) and the law firm McCarter & English, LLP ("McCarter") (represented by O'Toole Scrivo, LLC ("O'Toole Scrivo")) – likewise filed motions to dismiss yesterday.  ECF Nos. 23, 24.  This morning, the *pro se* plaintiff in this matter ("Plaintiff") filed a procedurally improper[1] seven-page letter in which he asks the Court to stay the briefing schedule on all three pending motions to dismiss until after the Court first decides Plaintiff's pending motion to disqualify McCarter's counsel, O'Toole Scrivo. ECF No. 26 ("Ltr.").  While we hesitate to burden the Court by engaging with Plaintiff's serial letter writing, we briefly write here to oppose Plaintiff's request and share the following limited points in response to this morning's letter.

*First*, Plaintiff's motion to disqualify O'Toole Scrivo, who is defendant McCarter's counsel, has no bearing on the motion to dismiss filed by Chairman O'Toole, who is separately represented by CK.  None of the case law relied on by Plaintiff suggests otherwise; those cases only involved requests to stay briefing or decision on dispositive motions "filed by the very counsel alleged to be conflicted."  *Grimes v. District of Columbia*, 794 F.3d 83, 90 (3d Cir. 2015).  Putting aside the many flaws in Plaintiff's conflict argument, Plaintiff has no argument as to why decision on Chairman O'Toole's motion should be delayed, as his letter effectively concedes.  *See* Ltr. at 3 (arguing "Court should not entertain [McCarter's] motion"); *id.* at 1 (arguing case law shows "a court should resolve a disqualification motion before turning to dispositive motions *filed by the challenged counsel*" (emphasis added)).

*Second*, logic and efficiency counsel in favor of deciding Chairman O'Toole's motion to dismiss on the same track as Plaintiff's motion to disqualify.  The motion to disqualify – not coincidentally – hinges entirely on Plaintiff's manufactured claims against Chairman O'Toole.  If

---

[1] Local Rule 7.1(b) requires "[a]ll motions" to "be presented and defended in the manner set forth in [Rule] 7.1." Plaintiff's "request" seeks expedited consideration of his motion to disqualify and a stay of the motions to dismiss – in effect, a "request to stay proceedings."  Ltr. at 5.  However he chose to label it, Plaintiff's letter is a motion that does not comply with Rule 7.1.  *See, e.g.*, Local Civ. R. 7.1(b)(2) (requiring "Notice of Motion"); *Hightower v. Ingerman Mgmt.*, 2022 WL 19266266, at *3 (D.N.J. May 4, 2022) (rejecting motion for reconsideration pursued via letter rather than "an appropriate notice of motion").

Letter to the Honorable Julien Xavier Neals, U.S.D.J., Thursday, April 9, 2026
Page 2 of 2

Chairman O'Toole's motion to dismiss is granted (as it should be), any concerns about alleged conflicts fall away, and the motion to disqualify can be dismissed as moot.  Plaintiff, confusingly, cites this possibility as a potential "irreparable harm" to *him*.  Ltr. at 5.  Plaintiff once again stands logic on its head.  Of course, the harm from the delay Plaintiff seeks is to Chairman O'Toole – especially given Plaintiff's around-the-clock letter-writing campaign wherein he fires one baseless broadside against the Chairman after another.[2]  As set forth in his motion to dismiss, the claims against Chairman O'Toole are nonsense, engineered by Plaintiff to further his "conflict of interest" fallacy, and should be dismissed without delay.

**Third**, while we do not intend to respond to every irrelevant allegation in Plaintiff's improper letters, we note that this morning's letter continues his pattern of wild conspiracy theorizing.  Among other things:

- Plaintiff imagines that CK's appearance as counsel "confirm[s] the conflict is real and that the disqualification must be decided first."  Ltr. at 1.  That is absurd.  The alleged conflict animating Plaintiff's disqualification motion has nothing to do with purported conflicts between Chairman O'Toole and the other Port Authority defendants.  And that separate counsel now represents Chairman O'Toole does not mean that he, his counsel, or the Port Authority perceives there to be a conflict – we do not.

- Relatedly, Plaintiff speculates that CK's substitution as counsel for Chairman O'Toole means he is not being indemnified by the Port Authority in connection with this lawsuit and that the Port Authority has made "a determination that O'Toole's conduct falls outside the scope of indemnification."  Ltr. at 3.  More nonsense and false assumptions.

- Plaintiff claims the purported "conflict" is further confirmed because "[a]ll three motions [to dismiss] were filed on the same day and with the same return date," which Plaintiff sees as improper "coordination confirm[ing] the structural control [by Chairman O'Toole] documented in the Motion to Disqualify."  Ltr. at 4.  Of course, the defendants filed their motions yesterday because that is the day they were due, with May 4, 2026 as the next available return date.  The conspiratorial inference Plaintiff draws is entirely of a piece with the frivolous allegations throughout his First Amended Complaint.

In sum, Plaintiff's letter does not identify a single valid reason to stay the briefing schedule for Chairman O'Toole's pending motion to dismiss, and we ask that the Court not do so.  We appreciate the Court's consideration of this submission.

Very truly yours,

*/s/ Thomas R. Calcagni*
Thomas R. Calcagni
Calcagni & Kanefsky LLP

c.      Plaintiff and all counsel of record (via ECF)

---

[2] Even as we drafted this letter, Plaintiff filed yet another letter – his second of the day (ECF No. 27) – in which he again (i) levels bizarre and false allegations relating to service of process and a family dispute between Chairman O'Toole and his sister, none of which is relevant to the claims in the case or the purported conflict of interest; and (ii) invokes the baseless FBI referral he made in plain violation of RPC 3.4(g).